IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERIK COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-79-DCLC-DCP |
| | ) | |
| SMARTBANK, a Tennessee corporation, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 626, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Seal, or in the Alternative, Plaintiff's Motion to Strike Defendants SmartBank and Chipotle Mexican Grill of Colorado, LLC's Response to Plaintiff's Notice of No Contact from Defendant's Counsel as Required by the Court's Order [Doc. 21]. For the reasons set forth below, the Court **DENIES** the motion [**Doc. 21**].

**I.     BACKGROUND**

On April 15, 2025, United States District Judge Clifton L. Corker entered an Order requiring the parties to engage in Rule 26 planning conference [Doc. 18]. About a month later, on May 15, 2025, Plaintiff filed a Notice of No Contact from Defendant's Counsel ("Plaintiff's Notice") [Doc. 19]. Plaintiff alleges that "Defendants and their counsel violated this Court's Order requiring . . . [that] 'the parties must confer, in a conference arranged by defendants' counsel'" by failing to contact Plaintiff through the proper channels of communication [*Id.* at 2 (quoting Doc. 18)].

Subsequently, on May 22, 2025, Defendants filed the Response to Plaintiff's Notice of No Contact from Defendants' Counsel as Required by the Court's Order ("Defendants' Response") [Doc. 20], asserting that "[o]n or about April 29, 2025, [d]efense [c]ounsel emailed Plaintiff to comply with the Order entered by the Court. . . . Plaintiff never responded to the email sent by Defense Counsel" [*Id.* ¶ 2]. Defendants further state that on that same day, defense counsel emailed Plaintiff a second time "to discuss the possibility of consenting to the exercise of a magistrate's authority in this action. . . . Plaintiff never responded to that email sent by [d]efense [c]ounsel" [*Id.* ¶ 3]. After Plaintiff filed the Notice, defense counsel again attempted to reach out via separate emails on May 16, 2025, to which Plaintiff allegedly did not respond [*Id.* ¶ 4]. Defendants acknowledge Plaintiff's claim that he had sent them a letter requesting that Defendants contact him by telephone or by letter correspondence transmitted to his mailing address; however, Defendants state they never received the letter and only knew about it because of Plaintiff's Notice [*Id.* ¶¶ 5–6].

Defendants state that their counsel "does not to intend to communicate with Plaintiff in person or via telephone[, but rather through] email communication . . . because it is timely, civil, and documented" [*Id.* ¶ 6]. Defendants further note that they prefer to communicate via email because given Plaintiff's interactions with another attorney that "resulted in Plaintiff asking a grand jury to indict [the attorney]" and then Plaintiff being charged with making false statements to the grand jury about those interactions. [*Id.* ¶ 7; 20-1].

Turning to the instant motion, Plaintiff seeks "entry of an Order sealing Docket Number 20 . . . and requiring Defendants to file a motion to seal any future filings related to Docket Number 20's contents" [Doc. 21 p. 1]. For grounds, he argues that "Defendants have filed a highly inflammatory and libelous 'Response' which falsely accuses Plaintiff of criminal misconduct . . . .

Because the Response disrupts the dignity of this Court and invades the privacy interests of the Plaintiff, good cause exists for sealing the filing" [*Id.* at 5]. No response to this motion was filed, and the time do so has now passed. As such, the motion is ripe for adjudication.

## II. ANALYSIS

Local Rule 26.2(b) provides, "Court Records or portions thereof shall not be placed under seal unless and except to the extent that the person seeking the sealing thereof shall have first obtained, for good cause shown, an order of the Court . . . ." E.D. Tenn. L.R. 26.2. The standard to seal documents is set forth in the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 6]. The Sixth Circuit has "long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1165 (6th Cir. 1983)). The burden of overcoming the presumption is a heavy one and the "proponent of sealing . . . must 'analyze in detail, document by document, the property of secrecy, providing reasons and legal citations.'" *Id.* (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).

In support of his motion to seal, Plaintiff cites to *Hensley v. Walmart Stores E., LP*, No. 2:16-CV-279, 2017 U.S. Dist. LEXIS 56460 (E.D. Tenn. Apr. 13, 2017) for the proposition that this Court has recognized "in prior orders relating to sealing documents . . . two categories of exceptions to the right of public access" [Doc. 21 p. 5]. The Court observes that Plaintiff's citation to *Hensley* is to a standard Memorandum and Order Regarding Sealing Confidential Information, *see Henlsey*, 2017 U.S. Dist. LEXIS 56460, at *1, and as noted above, the Court has entered a similar Memorandum and Order [Doc. 6] ("Sealing Order") in this case. Generally, there are "two categories of exceptions to the right of public access[:] the need to keep dignity and order in the

courtroom [and] restrictions based on the content of the information to be disclosed to the public." [Doc. 6 p. 3]. The Sealing Order provides that "neither harm to reputation of the producing party nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access." *Id.* (quoting *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009)).

While Plaintiff argues that good cause exists under both exceptions to seal Defendant's Response, asserting "Defendants' filing is highly disruptive and undignified . . . [and] based upon a party's privacy interest in not having defamatory and false material published available in the public record," [Doc. 21 pp. 5–6], the Court notes that the information cited to by Defendants is already accessible to the public, as Plaintiff has placed the information he wishes to seal in a public filing [*Id.* at 3]. Plaintiff's conclusory allegations regarding reputational harm are insufficient to establish good cause. Furthermore, the Court notes that Defendants' Response was filed to address Plaintiff's allegations in the Notice and to explain why they prefer email communications as opposed to other forms of communication. The Court therefore finds that Plaintiff has not met his burden to place Defendants' Response [Doc. 20] under seal.

For similar reasons, the Court declines Plaintiff's alternative request to strike Defendants' Response [*See id*. at 8]. Plaintiff also requests that the Court admonish Attorney Foster, but the Court finds an admonishment unnecessary. Finally, the Court declines to set an evidentiary hearing.

III. **CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Seal, or in the Alternative, Plaintiff's Motion to Strike Defendants SmartBank and Chipotle Mexican Grill of

4

Colorado, LLC's Response to Plaintiff's Notice of No Contact from Defendant's Counsel as Required by the Court's Order [**Doc. 21**].

      **IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge
